### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | |
|---|---|
| **PETROLEUM TRADERS CORPORATION** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) CASE NO.: 1:22-cv-0400-HAB |
| | ) |
| **MIKON LOGISTICS AND** | ) |
| **TRANPORTATION LLC,** *et al.,* | ) |
| | ) |
| **Defendants,** | ) |
| | ) |

### <u>OPINION AND ORDER</u>

This matter comes before the Court on Plaintiff's, Petroleum Traders Corporation ("PTC"), Notice and Tender of Consent Judgment (ECF No. 38). PTC seeks entry of Consent Judgment against Defendants, Mikon Logistics and Transportation ("Mikon L&T"), Mikon Energy LLC ("Mikon Energy"), and Daniel Guerrero Jr. ("Guerrero"). Yet Plaintiff's Notice and Tender fails ensure that a consent decree is warranted. *See In re Mem'l Hosp. of Iowa Cnty., Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988) ("[W]hen the litigants wish to enter a consent decree, to use the office of the court, the judge does not automatically approve but must ensure that the agreement is an appropriate commitment of judicial time and complies with legal norms.").

The parties mediated this case on December 18, 2023, reaching a full and final settlement agreement during mediation. (ECF No. 38, ¶¶ 3-4). The following day, the mediator filed his report apprising the Court that "the case settled and the parties will be filing their dismissal of claims upon the completion of the settlement terms."[1] (*Id.* at ¶ 5).  The report also stated that "it is

---

[1] After the mediator filed his report, the parties were directed to file dismissal papers by January, 26, 2024. (ECF No. 33). Plaintiff moved to extend that deadline and the parties were given until February 26, 2024, to file their dismissal

anticipated the settlement terms will be completed within eleven (11) months from the date of the agreement." (*Id.* at ¶ 6). Plaintiff's notice states that "the terms of the Settlement Agreement called for the Defendants, jointly and severally, to provide monthly payments to [Plaintiff]." (*Id.* at ¶ 7).

The notice alleges that "[u]pon default by the Defendants under the Settlement Agreement, the Parties agreed that the Consent Judgment would be provided by [the mediator] to counsel for [Plaintiff] and, in turn, that said Consent Judgment would be tendered to this Court for entry as Judgment thereon." (*Id.* at ¶ 9). Apparently, Defendants failed to provide payments in accordance with the settlement agreement and the mediator provided the Consent Judgment to Plaintiff. (ECF No. 38-1). Plaintiff tendered the Consent Judgment to this Court seeking entry of judgment in its favor and against Defendants, jointly and severally, in the amount of $125,000.00. (ECF No. 38, ¶ 12).

Typically, following negotiation and settlement, parties are free to voluntarily stipulate to the dismissal of a case. Fed. R. Civ. P. 41(a)(1)(A)(ii). A Rule 41 stipulation of dismissal relinquishes the Court's jurisdiction and is effective immediately upon filing of the stipulation. *See Jenkins v. Village of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007). But when the parties seek a consent judgment/decree—which would require the court to retain jurisdiction to enforce compliance—more is needed.

A "federal court is more than 'a recorder of contracts' from whom private parties may purchase injunctions." *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986). "So when the litigants wish to enter a consent decree, to use the office of the court, the judge does not automatically approve but must ensure that the agreement

---

paperwork. (ECF Nos. 34, 35).

is an appropriate commitment of judicial time and complies with legal norms." *In re Mem'l Hosp. of Iowa Cnty., Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988).

As this Court previously held in *Su v. Uniquehab Sols., LLC*, when evaluating a similar filing, "[a] district court considers several factors in determining whether to issue a consent decree." No. 1:22-cv-189, 2023 WL 4787659 (N.D. Ind. July 26, 2023). Generally, "[t]he consent decree proposed by the parties must (1) spring from and serve to resolve a dispute within the court's subject matter jurisdiction; (2) com[e] within the general scope of the case made by the pleadings; and (3) further the objectives of the law upon which the complaint was based." *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996) (internal quotations omitted).  Additionally, before entering a consent judgment, "the judge must satisfy himself that the decree is [1] consistent with the Constitution and laws, [2] does not undermine the rightful interests of third parties, and [3] is an appropriate commitment of the court's limited resources." *Kasper v. Bd. of Election Comm'rs of Chicago*, 814 F.2d 332, 338 (7th Cir. 1987) (citation omitted). And finally, "a district court must determine whether a proposed decree is lawful, fair, reasonable, and adequate." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985) (citation omitted).

Plaintiff's Notice (ECF No. 38) does not address any of the factors the court must consider. Simply, it fails to lay an adequate basis for this Court to enter consent judgment. Perhaps a larger issue, Plaintiff's Consent Judgment (ECF No. 38-1) only contains Defendants' signatures and was dated December 18, 2023—the same date as mediation. Likely, any breach of the underlying settlement agreement occurred after that date. The Court will not enter a consent judgment without all parties' consent and signatures. A back-dated, barebones document does not establish that Defendants consent to judgment against themselves. *See Duncanson v. Wine & Canvas IP Holdings LLC*, 2020 WL 2840010, at *3 (S.D. Ind. May 29, 2020) (noting that "the judgments do

not include the signatures of the parties confirming that they do, in fact, consent to this court's continued jurisdiction over this matter," and citing cases).

Accordingly, the Court DECLINES Plaintiff's Tender of Consent Judgment (ECF No. 38) without prejudice to refiling a motion setting forth why the Court's continuing jurisdiction is necessary in this case and submitting a properly executed consent judgment.

SO ORDERED on February 15, 2024.

 s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

4