UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **PETROLEUM TRADERS CORPORATION** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO.: 1:22-cv-0400-HAB |
| | ) |
| **MIKON LOGISTICS AND** | ) |
| **TRANPORTATION LLC,** *et al.*, | ) |
| | ) |
| **Defendants,** | ) |
| | ) |

## FINAL CONSENT JUDGMENT

Before the Court is Plaintiff's Motion for Court's Continuing Jurisdiction and Submission of Consent Judgment. (ECF No. 42). The Court has considered the information and arguments set forth in the Motion for Court's Continuing Jurisdiction and Submission of Consent Judgment and exhibits attached thereto, and finds the same sufficient for the exercise of the Court's discretionary authority to enter a consent judgment.

Mediation in this case took place on December 18, 2023, during which the parties were able to reach a full and final Settlement Agreement. (ECF No. 42, ¶¶ 9-10). The following day, the mediator filed his Mediator's Report to the Court which stated that "the case settled and the parties will be filing their dismissal of claims upon the completion of the settlement terms." (*Id.* ¶ 11; ECF No. 32). Under the Settlement Agreement, Defendants, jointly and severally, were to provide monthly payments to Plaintiff, totaling $90,000. (*Id.* ¶ 13). And the parties agreed that the mediator would hold a Consent Judgment—signed by Defendants—in the amount of $125,000 as security in the event that Defendants failed to make payments as provided for by the Settlement Agreement. (*Id.* ¶ 14; ECF No. 42-2). Upon default by Defendants, the parties agreed that the Consent

1

Judgment would then be provided by the mediator to counsel for Plaintiff and, in turn, that said Consent Judgment would be tendered to this Court for entry as Judgment thereon. (*Id.* ¶ 15).

On February 16, 2024, the parties had a telephonic hearing before Magistrate Judge Collins in which Defendants confirmed that payments were not made according to the agreement. (ECF No. 40). Defendants have breached the Settlement Agreement and entry of consent judgment is appropriate here.

A district court considers several factors in determining whether to issue a consent decree. Generally, "[t]he consent decree proposed by the parties must (1) spring from and serve to resolve a dispute within the court's subject matter jurisdiction; (2) com[e] within the general scope of the case made by the pleadings; and (3) further the objectives of the law upon which the complaint was based." *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996) (internal quotations omitted).

Entry of consent judgment here satisfies each of those factors. First, the Consent Judgment resolves a dispute within the Court's subject matter jurisdiction as Defendants removed this case on the basis of diversity. *See* 28 U.S.C. § 1332(a). Second, the Consent Judgment's remedies—requiring payment of monetary damages—come within the general scope of this case. Third, the Consent Judgment will further the objectives of the law as it represents an attempt to redress the damages suffered by Plaintiff.

Even when those factors are satisfied, however, the proposed consent judgment must be "lawful, fair, reasonable, and adequate." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). "Among the factors that a district court should consider when it makes this 'fairness' determination are: a comparison of the strengths of plaintiff's case versus the amount of the settlement offer; the likely complexity, length, and expense of the litigation, the amount of opposition to the settlement among affected parties; the opinion of competent counsel; and, the

2

stage of the proceedings and the amount of discovery already undertaken at the time of the settlement." *Gautreaux v. Pierce*, 690 F.2d 616, 631 (7th Cir. 1982). "The district court may not deny approval of a consent decree unless it is unfair, unreasonable, or inadequate." *Hiram Walker & Sons, Inc.*, 768 F.2d at 889–90.

For the reasons set forth in Plaintiff's Motion and Submission (ECF No. 42), the Consent Judgment is lawful, fair, reasonable, and adequate. The Consent Judgment was negotiated between the parties and their counsel at arm's length, and the parties mutually agreed to its terms at mediation. Moreover, the Consent Judgment is fair, reasonable, and adequate, as it represents a substantial compromise of the claimed damages ($236,739.99) in this case by requiring Defendants to pay only $125,000.00. And although the Consent Judgment was filed early in the litigation, the record gives no indication that greater discovery would aid in the resolution of this case. The Court therefore approves the Consent Judgment as lawful, fair, and reasonable.

ACCORDINGLY, based upon the consent of the parties to this action and finding that Plaintiff's Motion for Court's Continuing Jurisdiction and Submission of Consent Judgment is consistent with the Constitution and the laws, does not undermine the rightful interests of third parties, is an appropriate commitment of the Court's limited resources, and is fair, adequate, reasonable, and appropriate, the Court hereby **GRANTS** Plaintiff's Motion for Court's Continuing Jurisdiction and Submission of Consent Judgment (ECF No. 42) and **ORDERS** that **JUDGMENT IS ENTERED** against Defendants, jointly and severally, in the amount of ONE HUNDRED TWENTY-FIVE THOUSAND dollars ($125,000.00), plus post-judgment interest beginning on the date this judgment is entered until final payment in favor of Plaintiff.

SO ORDERED on March 12, 2024.

 s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT